Anderson, J.,
delivered the opinion of the court.
The court is of opinion, that there is no error in the judgment of the hustings court in overruling the demurrer to the indictment in this case. By section 13 of chapter 159 of the Code of 1873, any clerk of a court, or his deputy, may administer an oath in any case wherein an affidavit is necessary or proper as the foundation of an official act to be performed by him. The words italicized “or proper” have been inserted in the statute since the decision of Matthew Williamson’s case, 4 Gratt. 554, wherein it was held that a clerk, under the statute as it '‘then was, had no authority, when applied to for a marriage license, to examine a witness on oath as to the age of the parties; the court construing the law as it then stood, to apply only to such cases in which, without regard to circumstances, the making of the affidavit was necessary as a prerequisite to the performance of the official act required of the clerk. But the legislature soon after that decision, at the revisal of 1849, having amended the law by inserting the words above recited, evidently designed, we think, to authorize the clerks and their deputies to administer an oath in such cases, because it is highly proper that the clerk, before issuing the marriage license to parties who had not the consent of parents or guardians, or such evidence of it as the law required, should have authority to examine a witness on oath as to the age of the parties. We think that the authority is given by the statute as it now stands.
But the court is further of opinion, that the Commonwealth wholly failed to prove the allegation of the indictment, that the plaintiff in error did wilfully, corruptly and unlawfully commit subornation of perjury by procuring John B. Graves to commit wilful and. corrupt perjury, in the oath which he is before alleged in said indictment to have taken. Tn order to convict the plaintiff in error of subornation of perjury, it was essential for the Commonwealth to show that the person whom he is alleged to have suborned had committed perjury. 2 Bishop on Crim. Proced. § 879. But if it had been shown to the contrary that the person alleged to have been suborned had been indicted for the offence of the perjury alleged, and had been tried and acquitted, it would have entitled the plaintiff in error to an acquittal of the offence of subornation for which he was indicted. It appears from the plaintiff’s third bill of exceptions that after the trial of his case, but while the matter was yet *in the breast of the court, he moved the court for a new trial, upon the ground that John B. Graves, the person whom it was charged *628 he had suborned, had been tried upon the charge of perjury after the verdict had been rendered against him, the said plaintiff, before the same court, and a verdict of not guilty had been returned, and the said Graves had been discharged; which motion for a new trial the court overruled. If this evidence had been before the jury upon the trial of the plaintiff in error, they would have been bound to have found a verdict in his favor. And inasmuch as in the nature of things the evidence of Graves’ acquittal of the perjury charged could not have been given in evidence in that trial, because his trial and acquittal did not occur until afterwards, it was error in the court to overrule his motion for a new trial. We are of opinion, that the court ought to have set aside the verdict and awarded the prisoner a new trial.
Knowledge Must Be Brought Home to Accused — Jury tlxe Judg’e. — “But knowledge of the commission of the felony must be brought home to the accused, and whether he had such knowledge is always a question for the jury.” Wren’s Case, 26 Gratt. 956.
Wliat Constitutes the Offence — Generally. —“As to the receiving, relieving and assisting, one known to be a felon, it may be said in general terms, that any assistance given to one known to be a felon in order to hinder his apprehension, trial or punishment, is sufficient to make a man accessory after the fact; as that he concealed him in the house, or shut the door against his pursuers, until he should have an opportunity to escape; or took money from him to allow him to escape; or supplied him with money, a horse or other necessaries, in order to enable him to escape; or that the principal was in prison, and the jailer was bribed to let him escape; or conveyed instruments to him to enable him to break prison and escape. This and such like assist-anee to one known to be a felon, would constitute a man accessory after the fact. But merely suffering the principal to escape, will not make the party accessory after the fact; for it amounts at most but to a mere omission. Or if he agree for money not to prosecute the felon; or if knowing of a felony, fails to make it known to the proper authorities; none of these acts would be sufficient to make the party an accessory after the fact. If the thing done amounts to no more than the compounding a felony, or the misprison of it, the doer will not be an accessory. The true test whether one is accessory after the fact, is to consider whether what he did was done by way of personal help to his principal, with a view of enabling his principal to elude punishment; the kind of help rendered appearing to be unimportant.” Wren’s Case, 26 Gratt. 956.
Wlio Not Deemed Accessories after tlie Fact. — But no person in the relation of husband and wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity, or servant to the offender, who, after the commission of a felony, shall aid or assist a principal felon or accessory before the fact, to avoid or escape from prosecution or punishment, shall be deemed an accessory after the fact. Sec. 3886, Va. Code.
The court is of opinion, therefore, that for this cause (the overruling the motion of the plaintiff in error for a new trial) the judgment must be reversed, the verdict of the jury set aside, and a new trial awarded the plaintiff in error, and the cause is remanded for further proceedings therein iii conformity with' this opinion.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the hustings court did not err in overruling the demurrer to the indictment; but being of opinion that the trial and acquittal of John B. Graves in the said hustings court, of the charge of perjury, for the subornation of which the prisoner was indicted in this case, would be conclusive to show that the prisoner was not guilty of the offence for which he *was prosecuted. And such trial and acquittal of Graves having been subsequent to the trial and finding of the jury against the prisoner in the same court, it was error to overrule the prisoner’s motion to set aside the verdict and grant him a new trial on that ground. It is therefore considered that the judgment be reversed and annulled, the verdict of the jury set aside and a new trial awarded the prisoner. And the cause is remanded to the hustings court of the city of Richmond for further proceedings to be had therein, in conformity with this order and the opinion of this court filed with the record.
Judgment reversed.